# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

FILED

Aug 12 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

CR21-313 CRB

FRANCISCO NUNEZ-NEPITA

DEFENDANT(S).

# INDICTMENT

18 U.S.C. § 371 – Conspiracy to Deal in Firearms Without a License
18 U.S.C. §§ 922(a)(1)(A) and 2 – Dealing in Firearms Without a License, Aiding and Abetting
18 U.S.C. § 922(o) and 2 – Possession of a Machinegun, Aiding and Abetting
18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) - Forfeiture Allegation

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this 12th day of

August, 2021

Clerk

Bail, $ No Process

1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney

2

3

4

**FILED**

Aug 12 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                           SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,              )   CASE NO.  CR21-313 CRB
                                           )
12        Plaintiff,                       )   VIOLATION:
                                           )   18 U.S.C. § 371 – Conspiracy to Deal in Firearms
13     v.                                  )   Without a License;
                                           )   18 U.S.C. §§ 922(a)(1)(A), and 2 – Dealing in
14  FRANCISCO NUNEZ-NEPITA                 )   Firearms Without a License and Aiding and Abetting;
                                           )   18 U.S.C. §§ 922(o), and 2 – Possession of a
15        Defendant.                       )   Machinegun and Aiding and Abetting;
                                           )   18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) – Forfeiture
16                                         )   Allegations
                                           )
17  _____ )

18

19                            I N D I C T M E N T

20  The Grand Jury charges:

21  COUNT ONE:  (18 U.S.C. § 371 – Conspiracy to Deal in Firearms Without a License)

22                           Introductory Allegations

23        At all times relevant to this Indictment:

24        1.      Defendant Francisco NUNEZ-NEPITA (NUNEZ-NEPITA) was a resident of East Palo

25  Alto, California.

26        2.      Instagram was a social networking application or service, which is commonly used to

27  share photographs and videos, as well as exchange messages between users.  Defendant NUNEZ-

28  NEPITA used an Instagram account.  William Alexis-Villa (Alexis-Villa) also used an Instagram

INDICTMENT

1    account.

2        3.     At all times relevant to this Indictment, Defendant NUNEZ-NEPITA was not licensed to

3    import, manufacture, or deal firearms under the provision of Chapter 44, Title 18, United States Code.

4    Neither Alexis-Villa nor Erik Acevedo-Cruz (Acevedo-Cruz) was licensed to import, manufacture, or

5    deal firearms under the provision of Chapter 44, Title 18, United States Code.

6    Object of the Conspiracy

7        4.     Beginning at a time unknown to the Grand Jury, but no later than on or about June 18,

8    2019, and continuing to on or about November 7, 2019, in the Northern District of California, the

9    defendant,

10   FRANCISCO NUNEZ-NEPITA

11   not being a licensed importer, licensed manufacturer, or licensed dealer of firearms, within the meaning

12   of Chapter 44, Title 18, United States Code, did unlawfully and knowingly combine, conspire, and agree

13   together with Alexis-Villa, Acevedo-Cruz, and others known and unknown, none of whom were

14   licensed to import, manufacture, or deal firearms under the provision of Chapter 44, Title 18, United

15   States Code, to commit an offense against the United States, specifically, dealing in firearms without a

16   license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

17   Manner and Means

18       5.     Defendant NUNEZ-NEPITA, Alexis-Villa, and Acevedo-Cruz would obtain firearms for

19   the purpose of illegally selling them to others in the Northern District of California.  During the

20   timeframe referenced in this Indictment, defendant NUNEZ-NEPITA, Alexis-Villa, and/or Acevedo-

21   Cruz repeatedly sold firearms to a third-party purchaser.

22       6.     Defendant NUNEZ-NEPITA, Alexis-Villa, and Acevedo-Cruz advertised, negotiated,

23   and/or conducted firearms sales in a variety of ways, including in person at the residence of Alexis-

24   Villa, via text messages, and via Instagram.  At various times, Alexis-Villa and Acevedo-Cruz described

25   to the third-party purchaser their ready access to a variety of firearms for sale.

26   Overt Acts

27       7.     In furtherance of the conspiracy, and to accomplish its objects, Defendant NUNEZ-

28

2

INDICTMENT

1  NEPITA, Alexis-Villa, Acevedo-Cruz, and other co-conspirators, known and unknown, committed

2  various overt acts in the Northern District of California and elsewhere, including but not limited to the

3  following:

4         (a)     On or about August 5, 2019, Defendant NUNEZ-NEPITA and Alexis-Villa used

5  their respective Instagram accounts to exchange Instagram direct messages and video calls.  During

6  those communications, Alexis-Villa told Defendant NUNEZ-NEPITA that he wanted to sell his firearm.

7         (b)     On or about August 6, 2019, Defendant NUNEZ-NEPITA advertised a Glock 22

8  firearm for sale on his Instagram account.

9         (c)      On or about August 6, 2019, Defendant NUNEZ-NEPITA and the third-party

10  purchaser communicated via Instagram direct messages.  During those communications, Defendant

11  NUNEZ-NEPITA stated that he has a "fully" automatic Glock firearm for sale for $1400.

12         (d)     On or about August 6, 2019, Defendant NUNEZ-NEPITA sent a text message to

13  the third-party purchaser in which he stated that he had a fully automatic Glock 22 firearm with an

14  extended magazine for sale.  He sent a photograph of the firearm to the third-party purchaser via text

15  message.

16         (e)     On or about August 6, 2019, Defendant NUNEZ-NEPITA informed the third-

17  party purchaser that his "friend" would conduct the transaction that day.

18         (f)     On or about August 6, 2019, the third-party purchaser gave his cell phone number

19  to Defendant NUNEZ-NEPITA and instructed him to share the number with the "friend" who would

20  conduct the transaction.

21         (g)     On or about August 6, 2019, Defendant NUNEZ-NEPITA used his Instagram

22  account to message the third-party purchaser's cell phone number to Alexis-Villa's Instagram account.

23         (h)     On or about August 6, 2019, Alexis-Villa called the third-party purchaser at the

24  cell phone number provided to him by Defendant NUNEZ-NEPITA.  Through a series of phone calls

25  and text messages, Alexis-Villa and the third-party purchaser agreed to meet to conduct the firearm sale.

26         (i)     On or about August 6, 2019, Alexis-Villa and the third-party purchaser traveled to

27  Alexis-Villa's residence in Menlo Park (hereafter, "the residence") to complete the firearm transaction.

28  While en route, Alexis-Villa listed the firearms that he could obtain for sale in the future, including

3

INDICTMENT

1  "fully automatic" weapons.

2          (j)      On or about August 6, 2019, Alexis-Villa provided the third-party purchaser with

3  a Glock firearm with a "switch" and nine rounds of ammunition in exchange for $1400.

4          (k)      On or about August 6, 2019, Alexis-Villa informed the third-party purchaser that,

5  in the future, the third-party purchaser should communicate with him via Instagram because he fears that

6  the police can get access to his telephone records.

7          (l)      On or about August 6, 2019, after the firearm transaction, Alexis-Villa confirmed

8  to the third-party purchaser that he can supply additional firearms for sale.

9          (m)     On or about August 13, 2019, Alexis-Villa communicated with the third-party

10  purchaser via his Instagram account to negotiate the sale of additional firearms.  In those

11  communications, Alexis-Villa transmitted to the third-party purchaser photographs of the firearms he

12  was seeking to sell.

13          (n)      On or about August 13, 2019, Alexis-Villa arranged to meet with the third-party

14  purchaser at the residence to sell two firearms to the third-party purchaser.

15          (o)      On or about August 13, 2019, before the third-party purchaser arrived, Acevedo-

16  Cruz arrived at the residence and delivered firearms to Alexis-Villa.

17          (p)      On or about August 13, 2019, Acevedo-Cruz and Alexis-Villa met with the third-

18  party purchaser at the residence in Menlo Park, and sold the third-party purchaser two rifles in exchange

19  for $3400.

20          (q)      On or about August 13, 2019, after the transaction, Acevedo-Cruz told the third-

21  party purchaser that he could obtain more firearms for the third-party purchaser.

22          (r)      On or about October 10, 2019, Alexis-Villa contacted the third-party purchaser

23  via Instagram and informed the third-party purchaser that Alexis-Villa had a Glock handgun for sale.

24  Alexis-Villa sent to the third-party purchaser via Instagram a photograph of himself and Acevedo-Cruz

25  holding the firearms that they wanted to sell.

26          (s)      On or about October 10, 2019, Acevedo-Cruz texted the third-party purchaser and

27  informed the third-party purchaser that he would conduct the firearms transaction at the residence.

28          (t)      On or about October 10, 2019, the third-party purchaser met Acevedo-Cruz at the

4

INDICTMENT

1  residence and Acevedo-Cruz provided the third-party purchaser with three firearms in exchange for

2  $3,500.

3          (u)      On or about October 10, 2019, after the transaction, Alexis-Villa sent the third-

4  party purchaser the following direct message via Instagram: "hope you like un."

5          All in violation of Title 18, United States Code, Sections 371 and 922(a)(1)(A).

6

7  COUNT TWO:  (18 U.S.C. §§ 922(a)(1)(A), and 2 – Dealing in Firearms Without a License, Aiding
                     and Abetting)
8

9          8.      Beginning on a date unknown to the Grand Jury, but no later than June 18, 2019, and

10  continuing to on or about November 7, 2019, in the Northern District of California, the defendant,

11                          FRANCISCO NUNEZ-NEPITA,

12  not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code,

13  did willfully engage in the business of dealing in firearms, or did aid and abet Alexis-Villa, who was

14  also not a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, in

15  the same.

16          All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), 924(a)(1)(D), and

17  2.

18  COUNT THREE:  (18 U.S.C. §§ 922(o), and 2 – Possession of a Machinegun, Aiding and Abetting)

19          9.      On or about August 6, 2019, in the Northern District of California, the defendant,

20                          FRANCISCO NUNEZ-NEPITA,

21  knowingly and unlawfully possessed, or aided and abetted the possession of, a machinegun (any part

22  designed and intended solely and exclusively for use in converting a weapon into a weapon that shoots

23  and is designed to shoot automatically more than one shot, without manual reloading, by a single

24  function of the trigger), specifically, a device commonly known as a "Glock switch."

25          All in violation of Title 18, United States Code, Sections 922(o) and 2.

26

27

28

                                        5

INDICTMENT

1    FORFEITURE ALLEGATION:  (18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c))

2           The allegations contained in this Indictment are re-alleged and incorporated by reference for the

3    purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28,

4    United States Code, Section 2461(c).

5           Upon conviction of the offense set forth in this Indictment, the defendant,

6                               FRANCISCO NUNEZ-NEPITA,

7    shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28,

8    United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the

9    offenses, including, but not limited to, the following property:

10           a.   Rugar Mini 14 Ranch Rifle, serial number 18751332;

11           b.   3 .223 caliber magazines;

12           c.   P80 .40 caliber Glock, no serial number;

13           d.   9 rounds of .40 caliber ammunition;

14           e.   AR style short-barreled rifle, serial number N002830;

15           f.   AR style rifle, no serial number;

16           g.   2 magazines of .223 ammunition;

17           h.   Taurus International PT735 handgun, serial number ID072371;

18           i.   Glock 48 handgun, serial number BLBH160;

19           j.   A Glock style handgun with polymer frame, no serial number; and

20           k.   26 rounds of .40 caliber ammunition.

21           If any of the property described above, as a result of any act or omission of the defendant:

22           a.       cannot be located upon exercise of due diligence;

23           b.       has been transferred or sold to, or deposited with, a third party;

24           c.       has been placed beyond the jurisdiction of the court;

25           d.       has been substantially diminished in value; or

26           e.       has been commingled with other property which cannot be divided without

27                    difficulty,

28    the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

6

INDICTMENT

1   United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

2       All pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code,

3   Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

4

5   DATED: August 12, 2021                           A TRUE BILL.

6

7                                                    ___/s/_____
                                                     FOREPERSON
8                                                    San Francisco

9   STEPHANIE M. HINDS
    Acting United States Attorney
10

11
       /s/
    _____
12  YOOSUN KOH
    Assistant United States Attorney
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                7

INDICTMENT